UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:15-cv-24350-KMM

**RICARDO AGUILA and TERESA AGUILA,**
**And others Similarly-situated delivery drivers,**

    Plaintiffs,
v.

**CORPORATE CATERERS IV, INC. and,**
**JIM GASS, individually,**

    Defendants.
_____/

## FIRST AMENDED COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW, the Plaintiffs, **RICARDO AGUILA** and **TERESA AGUILA** (collectively "Plaintiffs"), on behalf of themselves and other current and former similarly situated delivery drivers, by and through undersigned counsel, hereby files this First Amended Complaint against Defendants, **CORPORATE CATERERS IV, INC.** and **JIM GASS,** individually, (collectively the "Defendants") and states as follows:

### JURISDICTION

1. This is an action by the Plaintiffs and other similarly-situated delivery drivers for damages pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. Plaintiffs were at all times relevant to this action, and continue to be, residents of Palm Beach County Florida, within the jurisdiction of this Honorable Court. Plaintiffs re a covered employee for purposes of the FLSA.

4. Defendant **CORPORATE CATERERS IV, INC.** has its main place of business in Miami Dade County, Florida, where Plaintiffs worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

5. Defendant, **JIM GASS**, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, **CORPORATE CATERERS IV, INC**.

6. Venue is proper in Miami Dade because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. From approximately January 18, 2014 through December 14, 2015, Plaintiff **RICARDO AGUILA** was employed with Defendants as a non-exempt delivery driver. Plaintiff **RICARDO AGUILA** tyically worked five days per week.

9. From approximately October 24, 2014 through present, Plaintiff **TERESA AGUILA** was employed with Defendants as a non-exempt delivery driver. Plaintiff **TERESA AGUILA** tyically worked five days per week.

10. During their employment with Defendants, Plaintiffs would routinely complete three to four deliveries per day.

11. As part of their delivery duties, Plaintiffs were to receive tips from each delivery. These tips ranged from thirty to forty dollars to, at times, more than one hundred dollars.

12. However, despite completing deliveries duties and having tips allotted, Defendants failed to compensate Plaintiffs any of their tips in violation of the FLSA for the entire length of their employment.

13. Plaintiffs claim there is other similarly situated current and former delivery drivers working, or previously working, for Defendants.

14. Plaintiffs and other similarly-situated current and former delivery drivers performed similarly duties for Defendants and were subject to similar policies as to compensation.

15. Plaintiffs and other similarly-situated current and former delivery drivers of Defendants would benefit from joining this collective action alleged herein.

## COUNT I
### *Wage & Hour Federal Statutory Violation Against*
### **CORPORATE CATERERS IV, INC.**

16. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff and other similarly-situated delivery drives to recover from Defendant **CORPORATE CATERERS IV, INC.** unpaid tips, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.

18. At all times pertinent to this First Amended Complaint, Defendant **CORPORATE CATERERS IV, INC.** operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides

its services for goods sold and transported from across state lines of other states, and Defendant **CORPORATE CATERERS IV, INC.** obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, the annual gross revenue of Defendant **CORPORATE CATERERS IV, INC.** was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

20. By reason of the foregoing, the Defendant **CORPORATE CATERERS IV, INC.** is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

21. Defendant **CORPORATE CATERERS IV, INC.**'s business activities involve those to which the Fair Labor Standards Act applies.

22. Plaintiffs' work for Defendant **CORPORATE CATERERS IV, INC.** likewise affects interstate commerce.

23. Plaintiffs seek to recover unpaid tips accumulated from the date of hire.

24. At all times material hereto, Defendant **CORPORATE CATERERS IV, INC.** failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiffs performed services but no provision was made by Defendant **CORPORATE CATERERS IV, INC.** to properly pay them all accrued tips as provided in the FLSA.

25. Defendant **CORPORATE CATERERS IV, INC.** knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of earned tips as required by the Fair Labor Standards Act and remain owing Plaintiffs these unpaid tips since the commencement of Plaintiffs' employment with Defendant as set forth above. As such, Plaintiffs are entitled to recover double damages.

26. Defendant **CORPORATE CATERERS IV, INC.** never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to tips.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant **CORPORATE CATERERS IV, INC.**:

A. Adjudge and decree that Defendant **CORPORATE CATERERS IV, INC.** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid tips, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

F. Plaintiffs demand trial by jury of all issues triable as of right by jury.

## COUNT II
### Wage & Hour Federal Statutory Violation Against
### JIM GASS

27. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

28. At the times mentioned, Defendant **GASS** was, and is now, a corporate officer of corporate Defendant, **CORPORATE CATERERS IV, INC.**

29. Defendant **GASS** was an employer of Plaintiffs within the meaning of Section 3(d) of the Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

30. Defendant **GASS** had operational control of the business and is thus jointly liable for Plaintiffs' damages.

31. Defendant **GASS** willfully and intentionally refused to properly pay Plaintiffs tips as required by the law of the United States as set forth above and remains owing Plaintiffs these tips since the commencement of Plaintiffs' employment as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant **GASS**:

A. Adjudge and decree that Defendant **GASS** has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid tips, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the

  circumstances.

 F. Plaintiffs demands trial by jury of all issues triable as of right by jury.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

Dated December 15, 2015

            Respectfully submitted,

            */s/ Brody M. Shulman*
            Jason S. Remer, Esq.
            Florida Bar No.: 0165580
            Brody M. Shulman, Esq.
            Fla. Bar No.: 092044

            **REMER & GEORGES-PIERRE, PLLC**
            44 West Flagler Street, Suite 2200
            Miami, FL 33130
            Telephone: (305) 416-5000
            Facsimile: (305) 416-5005

## CERTIFICATE OF SERVICE

      I hereby certify that on December 15, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                         By: **/s/ Brody M. Shulman**____
                                                                             Jason S. Remer, Esq.
                                                                             Brody M. Shulman, Esq.

**SERVICE LIST**

Chelsea A. Lewis, Esq.
Chris Kleppin, Esq.
Glasser & Kleppin, P. A.
8751 W. Broward Boulevard, Suite 105
Plantation, FL  33324
(954) 424-1933
(954) 474-7405 (fax)
E-mail:
esinclair@gkemploymentlaw.com
clewis@gkemploymentlaw.com
ckleppin@gkemploymentlaw.com
dcano@gkemploymentlaw.com