UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-24350-KMM

RICARDO AGUILA and TERESA
AGUILA

    Plaintiffs,

v.

CORPORATE CATERERS IV, INC.,
a Florida Profit Corporation and JIM
GASS, individually

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS

THIS CAUSE is before the Court on Defendants Jim Glass and Corporate Caterers IV, Inc.'s Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 17). Plaintiffs Ricardo Aguila and Teresa Aguila filed a Response (ECF No. 22) and Defendants filed a Reply (ECF No. 23). The matter is now ripe for review. For the reasons stated below, the Court now DENIES the Motion.

**I.    BACKGROUND**

This is an action for unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201–216 (the "FLSA"). The two-count Amended Complaint alleges violations of statutory wage and hour requirements against Defendant Corporate Caterers IV, Inc., Plaintiff's former employer (Count I) and Defendant Jim Gass, a corporate officer of Corporate Caterers IV, Inc. (Count II). *See generally* Compl. (ECF No. 1). As relief, Plaintiffs seek back wages, liquidated damages, and attorney's fees and costs. *Id.*

Defendants now move to dismiss the action.

**II.     LEGAL STANDARD**

For purposes of a motion to dismiss, the Court must accept the allegations of the complaint as true, and view the facts in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  A complaint need not set forth detailed factual allegations, but must allege more than mere labels, conclusions, or a formulaic recitation of the elements of a cause of action.  *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus to survive a motion to dismiss, a complaint must plead enough factual matter that, taken as true, suggests that the elements of the cause of action will be met.  *Id.*

**III.    DISCUSSION**

Defendants seek dismissal of the action, arguing that the Amended Complaint constitutes a "shotgun" pleading as Counts I and II incorporate by reference all preceding paragraphs of the Complaint.  For the reasons stated below, the Court disagrees.

Complaints that violate Rules 8(a) or 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun" pleadings.  *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015); *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).  A "shotgun" pleading is a pleading in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson v. Dist. Bd. Of Trs. Of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  A "shotgun" pleading is therefore one which is "calculated to confuse," *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520 n.14 (11th Cir. 1985), as it forces the district court and opposing party to sift through the facts presented to determine which are material to the particular claims asserted.  *See Anderson*, 77 F.3d at 366–67.

The Eleventh Circuit has outlined four main categories of "shotgun" pleadings, the "unifying characteristic" of which is that "they fail in one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. One such category—the most common type—is a complaint that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). But a complaint does not automatically become a "shotgun" pleading simply by virtue of including the "incorporated by reference" language. *See, e.g.*, *Gavaria v. Maldonado Bros., Inc.*, No. 13-60321-CIV, 2013 WL 3336653, at *7 (S.D. Fla. July 2, 2013) (denying motion to dismiss where two counts incorporated by reference all preceding paragraphs because the complaint was otherwise comprehensible). Rather, a court will dismiss a complaint if the "incorporated by reference" language renders the complaint confusing and incomprehensible. *See, e.g.*, *Magluta v. Sample*, 256 F.3d 1282, 1284 (11th Cir. 2001) (dismissing complaint where counts incorporate by reference 146 paragraphs of facts and all prior counts).

Plaintiffs' Complaint does not rise to the level of a "shotgun" pleading. Though Counts I and II do incorporate by reference the preceding paragraphs of the Complaint, the incorporation does not create an indiscernible jumble of facts. The Amended Complaint does not contain several counts but rather one, relatively simple cause of action asserted pursuant to the FLSA, against Plaintiff's employer corporation and its corporate officer. The allegations are not rambling, nor are they "calculated to confuse." *T.D.S. Inc.*, 760 F.2d at n.14. Thus the "incorporated by reference" language here does not create the problem that the rule against

3

"shotgun" pleadings was designed to prevent. Further, after a review of the Complaint, the Court concludes that the allegations are sufficiently definite to give the Defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Accordingly, the Amended Complaint is not an impermissible "shotgun" pleading.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 17) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this  16th day of March, 2016.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:   All counsel of record