UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24350-CIV-MOORE

RICARDO AGUILA and TERESA AGUILA,
and other similarly situated individuals,

    Plaintiffs,

v.

CORPORATE CATERERS II, INC., a
Florida Profit Corporation and
JIM GASS, individually,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT, WITH INCORPORATED MEMORANDUM OF LAW**

Defendants, Corporate Caterers, II, Inc. and Jim Gass (hereinafter "Defendants" unless denoted otherwise), file this Motion to Dismiss the Plaintiffs' Second Amended Complaint, pursuant to Rules 8, 10, and 12 of the FRCP, and state:

**BACKGROUND**

Plaintiffs filed a Second Amended Complaint against Defendants. [D.E. 36]. Plaintiff alleged that the Defendants failed to pay them unpaid tips due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* *Id.* ¶¶ 12, 17, and 31. Plaintiff alleged that the Defendants failed to pay them tips due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, even though the FLSA does not provide for any private cause of action for an employee to sue for withheld tips (it only provides for recovery for unpaid minimum wages in § 206 and unpaid overtime in § 207), and thus the instant suit is without merit. *Id.* ¶ 1. Numerous courts have held the suing for tips under the FLSA is thus not allowed. *Trejo v. Ryman*

*Hospitality Properties, Inc.*, 795 F.3d 442 (4th Cir. 2015) (affirming dismissal of claim for unpaid tips under the FLSA); *Labriola v. Clinton Entertainment Mgmnt.*, 2016 WL 1106862 (N.D. Ill.) (dismissing claim to collect unpaid tips under the FLSA); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545 (S.D. N.Y. 2013) (disallowing a class action claim for unpaid tips because no cause of action for them permitted by the FLSA); *Oregon Rest. & Lodging v. Solis*, 948 F.Supp.2d 1217, 1224–27, (D. Or. 2013) (holding relevant DOL regulations that suggest an employee can sue for tips is arbitrary and capricious and thus invalid because § 203(m) is clear and unambiguous and does not allow for actions for unpaid tips).  Count I is against the corporate Defendant and Count II is against the individual Defendant.  The Defendants moved to dismiss on one ground.

**MEMORANDUM OF LAW**

I. **THE LEGAL STANDARDS FOR GRANTING A MOTION FOR SUMMARY JUDGMENT AND DISMISSAL UNDER 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint is to be dismissed if it fails to state a claim upon which relief can be granted.  Years ago, a complaint would not be dismissed for failure to state a claim under Rule 12(b)(6) unless it appeared beyond doubt that the plaintiff could prove no set of facts that support a claim for relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bracewell v. Nicholson Air Servs., Inc.*, 680 F.2d 103, 104 (11th Cir. 1982), and in reviewing a motion to dismiss, the courts were required to view the complaint in the light most favorable to the plaintiff.  *Colodny v. Iverson, Yoakum, Papiano & Hatch*, 838 F. Supp. 572, 573 (M.D. Fla. 1993) (citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974)).  Back then, only those allegations that were "well pleaded" needed to be taken as true by the Court upon ruling on a motion to dismiss. *Showers v. City Bartow*, 978 F. Supp. 1464, 1466 (M.D. Fla. 1997) (citing *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)).  A court did not have to accept

conclusory allegations or legal conclusions masquerading as factual allegations. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a motion to dismiss, a plaintiff could not merely "label" his or her claims. *Id.* (citing *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996)). The Court did not have to accept factual claims that were internally inconsistent, facts which run counter to facts of which the Court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party. *Campos v. I.N.S.*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *Ellen S. v. The Florida Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994); *Olpin v. Ideal Nat'l Ins. Co.*, 419 F.2d 1250, 1255 (10th Cir. 1969).

The law pertaining to motions to dismiss has changed dramatically in the last few years. Actions may now be dismissed if they fail to be "plausible on their face" or if they fail "to raise a right to relief above the speculative level." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). In *Cigna Corp.*, the Eleventh Circuit held that in *Twombly* (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)), "the Supreme Court expressly 'retired' the 'no set of facts' pleading standard under Rule 8(a)(2) that the Court had previously established in *Conley v. Gibson*." *Id.* Further, the Eleventh Circuit held that the *Twombly* Court requires that complaints contain "factual allegations [that] must be enough to raise a right to relief above the speculative level." *Id.* "The Court ultimately held that to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The Court "held that the standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). The Court noted that "when

3

plaintiffs 'have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In *Cigna Corp.*, the Eleventh Circuit held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* The Eleventh Circuit noted that the Supreme Court has recently suggested a two-prong approach to resolving motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* Importantly, the Eleventh Circuit held that "courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the Court to infer." *Id.*

Here, whether the Plaintiffs can bring a claim under the FLSA for tips is a pure legal issue that it appropriate for resolution on motion to dismiss. *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442 (4th Cir. 2015) (affirming dismissal of claim for unpaid tips under the FLSA); *Labriola v. Clinton Entertainment Mgmnt.*, 2016 WL 1106862 (N.D. Ill.) (dismissing claim to collect unpaid tips under the FLSA); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545 (S.D. N.Y. 2013) (disallowing a class action claim for unpaid tips because no cause of action for them permitted by the FLSA); *Oregon Rest. & Lodging v. Solis*, 948 F.Supp.2d 1217, 1224–27, (D. Or. 2013) (holding relevant DOL regulations that suggest an employee can sue for tips is arbitrary and capricious and thus invalid because § 203(m) is clear and unambiguous and does not allow for actions for unpaid tips).

**II. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE THE FAIR LABOR STANDARDS ACT DOES NOT ALLOW FOR A PRIVATE CAUSE OF ACTION TO BE BROUGHT TO RECOVER UNPAID TIPS, BUT RATHER ONLY FOR MINIMUM WAGES (§ 206) AND OVERTIME (§ 207).**

The Plaintiffs solely seek recovery for unpaid tips. Numerous courts have held the suing for tips under the FLSA is not allowed, because the statute does not expressly or implicitly allow for such a private right of action. *Trejo v. Ryman Hospitality Properties, Inc.*, 795 F.3d 442 (4th Cir. 2015) (affirming dismissal of claim for unpaid tips under the FLSA); *Labriola v. Clinton Entertainment Mgmnt.*, 2016 WL 1106862 (N.D. Ill.) (dismissing claim to collect unpaid tips under the FLSA); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545 (S.D. N.Y. 2013) (disallowing a class action claim for unpaid tips because no cause of action for them permitted by the FLSA); *Oregon Rest. & Lodging v. Solis*, 948 F.Supp.2d 1217, 1224–27, (D. Or. 2013) (holding relevant DOL regulations that suggest an employee can sue for tips is arbitrary and capricious and thus invalid because § 203(m) is clear and unambiguous and does not allow for actions for unpaid tips). Thus, the Second Amended Complaint does not present a plausible theory of recovery.

Moreover, it is essentially equitable relief, and he is going outside the FLSA's enforcement mechanism for injunctive relief, namely, the involvement of the Secretary of Labor who can seek vast relief in the nature of equitable relief and injunctive relief. Plaintiff should not be allowed to by-pass this part of the statute's enforcement mechanism. *Powell v. State of Florida,* 132 F.3d 677 (11th Cir. 1998) (recognizing that "the right to bring an action for injunctive relief under the Fair Labor Standards Act rests exclusively with the United States Secretary of Labor"). Only the Secretary of Labor can seek equitable relief under the statute. *See, e.g.*, *Elwell v. University Hosp. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002)

(holding precisely that); *Padurjan v. Aventura Limousine & Transportation Serv., Inc.*, 500 F. Supp. 2d 1359 (S.D. Fla. 2007) (dismissing all equitable claims under the FLSA).

## CONCLUSION

For the foregoing reasons, the Second Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record (Jason S. Remer, Esq.) or *pro se* parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By: /s/ Chris Kleppin
Chris Kleppin
Fla. Bar No. 625485
ckleppin@gkemploymentlaw.com
Chelsea A. Lewis, Esq.
Fla. Bar No. 111607
clewis@gkemploymentlaw.com
Glasser & Kleppin, P.A.
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel. (954) 424-1933
Fax (954) 474-7405
Secondary E-Mails: dcano@gkemploymentlaw.com
esinclair@gkemploymentlaw.com