UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-24350-KMM

RICARDO AGUILA, *et al.*,

    Plaintiffs,

v.

CORPORATE CATERERS II, INC. *et al.*,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS CAUSE is before the Court on Defendants Corporate Caterers II, Inc. and Jim Gass's Motion to Dismiss (ECF No. 38) Plaintiffs Ricardo Aguila and Teresa Aguila's Second Amended Complaint (ECF No. 36). The Motion has been fully briefed and is now ripe for review. For the reasons stated below, Defendants' Motion to Dismiss is GRANTED.

**I.  BACKGROUND**

Plaintiffs Ricardo and Teresa Aguila bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act"), seeking unpaid tips and liquidated damages from individual Defendant Jim Gass and Corporate Defendant Corporate Caterers II. *See generally*, Second Am. Compl. (ECF No 36). Plaintiffs are delivery drivers for CCII, a catering company operating out of Miami Dade County, Florida. *Id.* ¶¶ 4–5, 8–9.

Plaintiffs allege that in the course of their employment, they would routinely complete three to four deliveries per day, five days a week, and "[a]s part of their delivery duties, [they] were to receive tips from each delivery." *Id* ¶¶ 8–11. Plaintiffs allege, however, that CCII retained some or all of these tips, in violation of the FLSA. *Id.* ¶ 12. Defendants now move to

dismiss the Second Amended Complaint, arguing that the FLSA does not provide a private cause of action for an employee to sue for withheld tips.

## II.     LEGAL STANDARD

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). A complaint need not set forth detailed factual allegations, but must contain enough facts to indicate the presence of the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). "A pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III.    DISCUSSION

The FLSA was "designed to protect workers from the twin evils of excessive work hours and substandard wages." *Howard v. City of Springfield*, 274 F.3d 1141, 1148 (7th Cir. 2001). To that end, "the statute requires payment of minimum wages and overtime pay, 29 U.S.C. §§

206, 207, and gives employees deprived of these payments the right to receive them, *id.* § 216(b)." *Malivuk v. Ameripark, LLC*, No.: 1:15-2570-cv-WSD, 2016 WL 3999878, at *2 (N.D. Ga. Jul. 26, 2016); *see also Lyon v. Whisman*, 45 F.3d 758, 764 (3d Cir. 1995) ("The substantive sections of the FLSA, narrowly focusing on minimum wage rates and maximum working hours, bear out its limited purpose."). The express private right of action found in § 216(b) of the Act is "limited in an important respect: It is available only when an employee is owed 'unpaid minimum wages, or [ ] unpaid overtime compensation' as a result of a minimum-wage or overtime violation." *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 445 (4th Cir. 2015) (Harris, J. concurring). Here, Plaintiffs allege neither minimum wage nor overtime violations. *See generally* Second Am. Compl. (ECF No. 36). Accordingly, Defendants argue, Plaintiffs are foreclosed from bringing a claim under the FLSA.

Plaintiffs, however, do not argue that § 216(b), on its own, provides them a right of action for lost tips. Instead, Plaintiffs point to § 203(m) of the Act, commonly known as the tip credit provision. Section 203(m), which falls under the Definitions section of the FLSA, provides:

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to
>
> (1) the cash wage  paid such employee which for purposes of such determination shall not be less than the cash wage required to be paid such an employee on August 20, 1996; and
>
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.
>
> The additional amount on account of tips may not exceed the value of the tips actually received by an employee.  The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall

3

> not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m). Put simply, § 203(m) permits an employer to take a credit against the minimum wage by using the employees' tips as wages, and sets forth the conditions for an employer to take such a tip credit.

Plaintiffs concede that under a consistent body of case law, courts have interpreted § 203(m) to prohibit an employer from retaining an employee's tips only if the employer pays the tipped employee less than the federal minimum wage. *See Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 560 (S.D.N.Y. 2013); *see also Malivuk*, 2016 WL 3999878, at *3 ("Because Plaintiff does not allege she was not paid the minimum wage, Section 203(m) does not have anything to do with this case.") (quotation marks and citations omitted); *Brueningsen v. Resort Express, Inc.*, No. 2:12-CV-00843-DN, 2015 WL 339671, at *4 (D. Utah Jan. 26, 2015) ("[A]n employer is not prohibited from retaining an employee's tips if the employer does not take the tip credit"). This interpretation is consistent with the Act's goal of protecting workers from the "evil[s] of overwork [and] underpay." *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 578 (1942).

Recently, in *Trejo v. Ryman Hosp. Prosps. Inc.*, 795 F.3d 442, 445 (4th Cir. 2015), the Fourth Circuit addressed the question of whether an employer violated § 203(m) of the FLSA by requiring its employees to join a tip-pooling arrangement. The employees, a group of restaurant servers, did not allege that they were paid below the minimum wage, but claimed that their employer violated the FLSA by taking a portion of their tips to redistribute to bartenders, busboys and food runners. *Id.* The court, in affirming the district court's dismissal of the employees' claims, noted that § 203(m) "'does not state freestanding *requirements* pertaining to all tipped employees,' but rather creates rights and obligations for employers attempting to use

4

tips as a credit against the minimum wage." *Id.* at 448 (quoting *Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 581 (9th Cir. 2010) (emphasis in original)).  Accordingly, the court held that that § 203(m) could give rise to a cause of action "only if the employer [ ] us[es] tips to satisfy its minimum wage requirements." *Id.* at 448.

Contrary to the cogent reasoning of the Fourth Circuit, Plaintiffs maintain that § 203(m) affords them a private right of action for lost tips based on the recent Ninth Circuit decision in *Oregon Rest. & Lodging Ass'n v. Perez*, 816 F.3d 1080 (9th Cir. 2016).  Some background is helpful to understand *Perez*.  In 2010, the Ninth Circuit held in *Cumbie v. Woody Woo, Inc.* that § 203(m) does not apply to an employer who pays the minimum wage.  596 F.3d at 583.  After *Cumbie*, in 2011, the Department of Labor ("DOL") promulgated new rules, which included a revision to 29 C.F.R. § 531.52 (the "DOL Regulation").  The DOL Regulation provides:

> Tips are the property of the employee whether or not the employer has taken a tip credit under section [20]3(m) of the FLSA.  The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in section [20]3(m): As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool.

29 C.F.R. § 531.52.

In *Perez*, the Ninth Circuit addressed the question of whether the DOL Regulation is valid under *Chevron*.[1]  *See Perez*, 816 F.3d at 1086–90.  The court, faced with facts nearly identical to those of *Cumbie*, read *Cumbie*'s holding as rooted in statutory silence rather than in a straightforward interpretation of § 203(m)'s plain and unambiguous language.  *Id.* at 1087. Based on this reading, the *Perez* court held the DOL retained the authority to promulgate

---

[1] Under *Chevron*, agency determinations are entitled to deference if (1) the statute is silent or ambiguous with respect to the issue at hand and (2) the agency's answer to the silence or ambiguity is based on a permissible construction of the statute.  *Chevron, U.S.A., Inc. v. Natural Resources Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984)

regulations interpreting § 203(m), and that the DOL Regulation was reasonable and entitled to deference.  *Id.* at 1090.  Plaintiffs contend that the Ninth's Circuit's reasoning is sound, and argue that the DOL Regulation supports its tip retention claims.

The Court declines to follow the Ninth Circuit's reasoning in *Perez*, as the holding of *Cumbie* is based on a plain language reading of § 203(m), not a gap in the statute.  *See Perez*, 86 F.3d at 1093 ("Any rational reading of *Cumbie* unequivocally demonstrates that we determined the meaning of section 203(m) is clear  and unambiguous, leaving no room for agency interpretation.") (Smith, J. dissenting); *Brueningsen v. Resort Express Inc.*, No. 2:12-CV-843-DN, 2016 WL 1181683, at *4 (D. Utah Mar. 25, 2016) ("The majority opinion in *Perez* ignores *C[ ]umbie*'s "repeated references to the plain and unambiguous language of section 203(m) and reads *C[ ]umbie* as rooted in statutory silence.  The words 'silent and silence' do not appear in *C[ ]umbie*.").

Moreover, the Court agrees with *Cumbie* that "if Congress wanted to articulate a general principle that tips are the property of the employee absent a 'valid' tip pool, it could have done so without reference to the tip credit."  *Cumbie*, 596 F.3d at 581.  Contrary to *Perez* and the DOL regulation, § 203(m)'s silence as to employers who do not take a tip credit "is not a gap in the statute left to be filled, so much as an area of workplace conduct unaddressed by a statute concerned with a different problem entirely: assuring the payment of minimum compensation to employees."  *See Trinidad*, 962 F. Supp. 2d at 562 (citations omitted).  The Court disagrees with the flawed reasoning in *Perez* and finds that the DOL was without authority to address this issue.  Accordingly, because Plaintiffs do not allege that Defendants paid below the minimum wage, Plaintiffs have failed to state a claim under the FLSA.

**IV.    CONCLUSION**

For the foregoing reasons, it is ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 38) is GRANTED.  Plaintiffs' Second Amended Complaint (ECF No. 36) is DISMISSED WITHOUT PREJUDICE.  The Clerk of the Court is instructed to CLOSE this case.  All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __9th__ day of August, 2016.

*/s/ K. M. Moore*
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c:    All counsel of record